### W. N. PASS *v.* W. L. McLendon et al., Minors, by next Friend.

1. EJECTMENT. *Compensation for improvements. Section 2512, Code* 1880, *construed.*
   Section 2512 of the Code of 1880, allowing the defendant in ejectment to recover compensation for improvements put upon the land sued for, is only applicable where the plaintiff has the right to demand mesne profits of the defendant.

2. SAME. *Mesne profits during life-estate. Compensation for improvements.*
   A remainder-man cannot, in ejectment or any other action, recover mesne profits which have accrued during the continuance of the life-estate ; and the owner of the life-estate is not entitled to compensation for improvements made during the existence of such estate.

Appeal from the Circuit Court of Grenada County.

Hon. A. T. Roane, Judge.

On the 21st of December, 1881, Mrs. Martha L. McLendon executed to W. N. Pass a deed purporting to convey one hundred and sixty acres of land therein described. Mrs. McLendon only had a life-estate in the property, but Pass was ignorant of that fact, although the will creating and limiting her estate was on record in the county where the land was situated.

On the 1st of September, 1882, Mrs. McLendon died. Between the 21st of December, 1881, and the 1st of September, 1882, Pass expended two hundred and ninety-one dollars for taxes on the land and improvements erected thereon. He also made some improvements on the land after Mrs. McLendon's death.

On the 1st of December, 1883, the remainder-men, who were minors, by their next friend instituted this action of ejectment to recover of Pass the land referred to and rent thereof from the date of Mrs. McLendon's death to the time of the filing of the declaration herein. Pass did not contest the right of the plaintiffs to recover the land; but he claimed that he should be allowed the cost and value of all permanent and valuable, and not ornamental, improvements placed by him upon the land before, as well as after, Mrs. McLendon's death.

The parties waived a jury and the case was tried by the judge, who rendered a judgment awarding the land to the plaintiffs and allowing them rent therefor after the death of Mrs. McLendon, and crediting on the rent due the amount claimed by the defendant for improvements made after Mrs. McLendon's death, but denying the defendant's claim for improvements made during Mrs. McLendon's life.

From such judgment the defendant appealed. Section 2512 of the Code of 1880, upon which the appellant's claim of compensation for improvements is based, provides as follows:

"In all cases where the defendant in ejectment would be liable for mesne profits and damages, the plaintiff may declare for and recover the same in the action of ejectment, or he may have his action for mesne profits after the recovery in ejectment, as hereto-

fore ; but it shall be lawful in all cases for the defendant in eject-ment, whether the plaintiff claims mesne profits or damages or not, or in an action for mesne profits, to plead the value of all perma-nent, valuable, and not ornamental improvements made by the defendant on the land, or by any one under whom he claims, before notice of the intention of the plaintiff to bring the action, giving notice with his plea of the character of the improvements and the value thereof," etc.

*Slack & Longstreet,* for the appellant.

We admit the general rule that if a tenant for life makes im-provements upon and adds comforts and conveniences to the estate, he does so at the risk of losing them. But that rule is not ap-plicable in the exceptional circumstances of this case.

The appellant was an ignorant purchaser of the life-estate, did not wish to purchase such estate, and did not know that he was doing so. He believed that his grantor was seised in fee, and that he was acquiring an unlimited estate and an indefeasible title. He was not owner of a life-estate, with notice and knowledge of such fact, making improvements after calculating his chances of recover-ing their value by use before the expiration of the particular estate.

The real tests of appellant's right to be compensated are his want of knowledge of his ownership in fee, his good faith in making the improvements, and their enhancement of the value of the estate to the real owner.

In *Cole* v. *Johnson,* 53 Miss. 101, the court adopts and approves the rule as enunciated in *Green* v. *Biddle,* 8 Wheat. 1, and defines the *bonâ fide* possessor of land who is entitled to claim for his improvements as being one " who not only supposes himself to be the true proprietor, but is ignorant that his title is contested by some other person claiming a better right." See also 56 Miss. 510; 61 Miss. 741 ; Sugden on Vendors 437 ; *Tomlinson* v. *Smith,* Finch 378 ; Dart's Vendors and Purchasers 426.

*W. C. McLean,* for the appellees.

Pass is not entitled to the value of the improvements made from December, 1881, to September, 1882.

1. Because he was improving his own property. During that period the land belonged to him—he was the life-tenant. He took the chances of Mrs. McLendon living a sufficient time in order for him to receive remuneration for the improvements, the same to be returned to him in enhanced rents.

2. The principle which underlies § 2512, Code of 1880, is that the owner of lands shall receive the lands and rents ; he shall also receive the improvements, but must pay for the same. *The idea is* that *the rents shall be an offset* to the *improvements—the one stands in lieu* of the *other*—and in a case of this character, where the plaintiff is *not entitled* to the rents, neither can he be charged with the improvements made during that period. *Johnson* v. *Feutch,* 57 Miss. 81, 82. In this case the court says : " Justice requires that the claim for improvements shall be coextensive in time with the allowance of rents and profits which they contributed to produce." In the case at bar, the claim for improvements is not coextensive in time with the claim for rents.

COOPER, J., delivered the opinion of the court.

There is no error in the record. Section 2512 of the Code of 1880, allowing to the defendant in ejectment compensation for improvements put upon the land sued for, is applicable only where the plaintiff demands or might demand mesne profits in the action. The improvements put upon the lands by the defendant during the life of the life-tenant passed to the remainder-men by the expiration of the particular estate, not by a failure of the title under which the defendant held. He was under no liability to account to the plaintiffs for rents during the continuance of the life-estate, and because he was not, he cannot be allowed for improvements then made. For all improvements made after the expiration of the particular estate, the defendant was allowed full credit, and this was the extent of his right.

*The judgment is affirmed.*