## N. W. WHITFIELD *v.* FRANK MILES ET AL.

[58 South. 8.]

1. WILLS. *Executors. Undetermined share. Power of court. Remainders. Limitations. Computation of period. Accrual of right. Vesting of estate. Life estate. Tax sales. Wife of tenant. Right to purchase.*

Where a testator by will devised certain lands to his daughter and certain other lands to a son and provided that the lands devised to both should "be valued by three disinterested persons" to be appointed by the judge of the probate court and that if it was found that the lands devised to the daughter were materially less than the lands devised to the son, then he also devised to her a sufficient quantity of other lands, not otherwise devised as will make their lands of equal value and that such other lands should be selected for his daughter by his executors. And where after the probation of such will the court appointed commissioners and empowered them not only to value but also to divide the estate which they accordingly did and reported their action to the court which was confirmed, without objection by the executors, in such case the executors will be conclusively presumed to have adopted the acts of the commissioners as their own.

2. SAME.

In such case when the will was probated the daughter became not only entitled to the lands specifically devised to her but she also became entitled, as a matter of right, to such additional quantity of land as would make the lands specifically given to her equal in value to that of her brother, and there was no discretion left in the executors as to whether or not they would allow her this land.

3. SAME.

Under the terms of this will, there was not only a life estate created in an undivided interest in this land in the daughter until the selection was made, but there was also a vested right in the remainderman, which the trustees could not defeat and which her surviving brother could not convey beyond a life interest in the same.

4. REMAINDER. *Limitations. Computation of period. Accrual of right.*

Where land was devised to the testator's children for life, with the remainder of each in the other children for their life, and the remainder in fee to the surviving children of such children, a suit by the children of one of them to assert their right in the portion of a daughter who died childless in 1877, being predeceased by one of her brothers without issue, was not barred by the statute of limitations, where the only other child of the testator and the father of plaintiff died only a short time before the bringing of the suit.

5. LIFE ESTATES. *Tax sale. Right to purchase. Wife of tenant.*

A husband cannot assert a tax title against his remainderman or tenant in common, and the same disability attaches to his wife and her purchase of a tax title in such case operates as a redemption of the land for the interest of the life tenant and remainderman.

APPEAL from the Chancery Court of Clay County. HON. J. Q. ROBINE, Chancellor.

Suit by W. W. Whitfield et al. against Frank Miles. From a judgment for defendant, plaintiff appeals.

The facts are stated in the opinion of the court.

*Wm. Baldwin* and *J. J. McClellan,* for appellants.

*A. F. Fox,* for appellees.

No brief of counsel on either side found in the record.

MAYES, C. J., delivered the opinion of the court.

This suit was instituted by appellants against appellees, seeking to recover a certain tract of land described in the declaration. It would be profitless to set out the pleadings, further than they appear in this opinion. Appellants are the children of one W. W. Whitfield, and assert their claim to the property in controversy by reason of the fact that it was owned by W. W. Whitfield for life, with remainder to them. The facts out of which this litigation arises, briefly summarized, are about as follows:

It appears that in the year 1854 there was living in Lowndes county one William Whitfield, who was at that

time possessed of large bodies of lands in Lowndes and adjoining counties in Mississipi. William Whitfield had three children, William W., John A., and Lucy Ann Whitfield. Some time during the year 1854 William Whitfield died, leaving a last will and testament. This will has been before this court for construction once before in the case of *Whitfield* v. *Thompson,* 85 Miss. 749, 38 South. 113; but the point involved in that litigation, in our judgment, was different from the question now before the court. There are some sixteen items of the will, many of which are unnecessary to set out in this opinion, because not involved in this litigation. The particular controversy arises out of a construction of section 7 of the will. In the latter part of 1854, and after the death of William Whitfield, his will was duly presented for probate and allowed on October 4, 1854. The will appointed as executors William W. and John A. Whitfield. They duly qualified, gave bond, and accepted the office. We quote section 7 of the will, in so far as its provisions are involved in this litigation. It is as follows:

"I give, devise and bequeath to my daughter Lucy Ann Whitfield, above mentioned, the following negro slaves [here the will specifies the slaves to be given to her, which we will not copy], and also the following real estate, situated in said county of Lowndes, to wit: The plantation and lands attached thereto on which I am now living, on the east side of Tom Bigbee river, and I hereby direct that the said plantation and lands, and the plantation and lands hereinafter specially devised to my son, John A. Whitfield, be valued by three disinterested person to be appointed and sworn by the judge of the probate court of said Lowndes county, and if the said plantation and lands attached herein specially devised to the said Lucy Ann Whitfield shall be materially less in value than the value of the lands hereinafter specially devised to the said John A. Whitfield, then I also devise

to her a sufficient quantity of any other of my lands (not herein specially devised to either of my sons) as will make her plantation and lands equal in value to those devised to my said son, John A., such lands to be so selected for her by my executors as not to separate portions of a tract, nor injure materially the value of any other lands adjoining."

All the lands specifically devised by William Whitfield to the above children conveyed only a life estate. Each devise specified that the property given by the will to each devisee was "for and during the term of his [or her] natural life, with remainder over, after his [or her] death, to be equally divided among them provided that either of said children shall arrive at the age of twenty-one years, or marry, and leave a child or children surviving them. But if neither of said children shall arrive at the age of twenty-one years, or marry and leave a child surviving them, then the said property, both real and personal, shall be divided between the surviving brothers [or surviving brother and sister, as the case may be] to be held by them respectively for and during the term of their natural life, with remainder over to their children respectively," and in the event of the death of one of the survivors, leaving no child, then the whole of the property specifically devised "is to go to the survivor for and during the term of his [or her] natural life with remainder over to his [or her] children," etc. Lucy Ann and John A. Whitfield both died without children. William Whitfield, the grandfather of complainants, and the maker of the will, did not include all of the land he owned in the specific devises, but there was left a large residue. This residue was disposed of by item 12 of the will, and in the case of *Whitfield* v. *Thompson,* 85 Miss. 749, 38 South. 113, this court held that the residue under the terms of the will, was given in fee to the children of William Whitfield; that is to say, the three devisees named in the will. Under sec-

tion 12 the executors were given a discretion to deal
with the residue in a way that would have defeated the
title in fee to the devisees; but the executors did not
exercise that discretion, and in view of this fact, this
court held in the above case that the fee went by the will
to the devisees. After the death of Lucy Ann and John
A. Whitfield, William W., the surviving brother, inher-
ited or took possession of all the land, and in a joint
deed executed by himself and wife, S. E. Whitfield, sold
the land in controversy under a fee-simple conveyance.
William W. Whitfield died in 1903, and this suit is brought
by his children to recover the land; the contention being
that William W. Whitfield had only a life interest.

The particular lands in controversy are a part of the
residue of the lands not specially devised; but it is
claimed that the land was wrested from that clause of the
will which allowed them to go to the devisees in fee,
because they were set aside to Lucy Ann, in order to
equalize the value of her lands with those of John A.
Whitfield, as was required by the will, thereby becoming
her property for life only, the remainder belonging to the
complainants as provided in the will. Of course, there
is a dispute as to whether or not the lands were ever
set aside in the manner required by the will, and that
forms the basis of one of the contentions on the part of
the appellees.

Immediately after the probation of the will, on Octo-
ber 4, 1854, the probate court of of Lowndes county ap-
pointed three disinterested persons in the manner re-
quired by section 7 of the will, and the order recited
that they were "to divide the estate, both real and per-
sonal, of William Whitfield, deceased, between the lega-
tees named in the last will and testament of said de-
ceased, according to the provisions of the will." On
November 1 appraisers of the estate of William Whit-
field were appointed, the appraisers being different per-
sons from the "three disinterested persons" appointed.

by direction of the will.  At the December term, 1854, the appraisement of the estate of William Whitfield was returned and approved and entered of record.  On December 6, 1854, the executors, William W. and John A. Whitfield, filed an inventory of the estate, and in connection with this inventory stated that the appraisers of the estate had improperly included therein some negroes which should not have been included; but the executors say "they are nevertheless willing and desirous, in order to a more equal distribution; that said negroes should be valued by the commissioners appointed to value and divide the property of the estate according to the will," etc.  This report is signed by the executors, and is of importance only as showing the fact that the executors of the estate were well aware of the order of the court appointing "three disinterested persons" to divide the estate of Wiliam Whitfield according to the provisions of the will, and that current with the proceedings and orders making the appointments the executors were themselves filing their reports and referring to the action of the court.

At the April term of the court, 1855, the "disinterested persons" appointed to make the division of the estate, both real and personal, made their report, and in this report it is shown that they reported to the court that the difference in value between the property left to John A. and Lucy Ann Whitfield was seven thousand, five hundred and forty dollars; that is to say, the value of the property left to John A. Whitfield was seven thousand, five hundred and forty dollars above the value of the property left to Lucy Ann Whitfield, leaving a deficit to be set apart to Lucy Ann, as provided in the seventh section of the will, of this amount, in order to make her land equal in value to that of her brother. In this report the "disinterested persons" appointed, not only assessed the difference in value, but they set aside to Lucy Ann the property involved in this litiga-

tion as the property which should go to her in order to make her estate equal in value to that of John A. Whitfield. In other words, the commissioners appointed under section 7 for the purpose of valuing the property of John A. Whitfield, to see how much it exceeded in value that of Lucy Ann, were appointed, and sworn, as the will required, by the judge of the probate court, and by the court empowered to not only make the valuation, but to divide the estate. Section 10 of the will gave the court the power to do this in reference to the division and equalization of the property named in section 10. These commissioners, and not the executors, set aside the land in controversy as the property of Lucy Ann; and, without any objection on the part of the executors, as far as this record discloses, since the executors were under the duty to do this, and were acting as executors in this estate at the time, they are conclusively presumed to have acquiesced in the action of the commissioners, and to have adopted it as their selection. The argument is made that the selection of the land was confided by section 7 of the will to the discretion of the executors, and that the only provision made in the will for any action on the part of the commissioners was simply to value, and not select, and that therefore any thing else done by them was void, and this land was never selected as required by the will, and therefore, under the decision of *Whitfield* v. *Thompson,* 85 Miss. 749, 38 South. 113, it went to the heirs in fee. We will notice this contention later.

It appears that John A. Whitfield was killed in the Civil War in 1863, and was unmarried and childless, and therefore, according to the provisions of the will, he having only the life estate, with the remainder to his sister and brother for their life, his estate was inherited by his brother and sister for life. It also appears that Lucy Ann died, unmarried and childless, in January, 1877, and that William W. Whitfield died in January, 1903, leav-

ing as his heirs the complainants. Shortly after his death this bill was filed. If the contention of appellants is correct, that William W. and S. E. Whitfield only had a life estate, no question as to any statute of limitations can arise. In this controversy there is involved a tax title, it being claimed that Mrs. S. E. Whitfield, the wife, purchased this land at tax sale some time during the year 1877, and has been continuously in possession since that time until now; and it is argued that, even if the title fails in other respects, it is nevertheless good under the tax title. We will discuss both of these contentions.

An examination of the case of *Whitfield* v. *Thompson,* 85 Miss. 749, 38 South. 113, shows that the particular section of the will under consideration was not involved in the former case. Item 7 of the will expressly provides that Lucy Ann Whitfield shall have the property specifically devised to her by item 7, and additionally a sufficient quantity of property out of the residue of the real estate as to make her plantation equal in value to that of John A. Whitfield. In other words, the will itself gives to her the specific lands described in the will, and further devised to her other lands, not before specially devised, if it should be necessary in order to make her lands equal in value that of John A. Whitfield. When this will was probated, Lucy Ann Whitfield became not only entitled to the lands specifically described in section 7, but she became entitled, as a matter of right, to such additional quantity of lands as would make the lands specifically given to her equal in value to that of her brother. By section 7 of the will there was no discretion left in the executors as to whether or not they would or would not allow her this land; but the will gave it to her, if there was a difference in value. The commisioners appointed by the court, as required by the will, reported that there was a difference of over seven thousand dollars, and in this report specified the lands which they set aside to her as the lands to make up the

deficiency in value, and this was done without any ob-
jection on the part of the executors. Equity considers
that as done which ought to be done, and, when the as-
certainment of the difference in value was made by the
commissioners, it was not within the power of the ex-
ecutors to defeat Lucy Ann in her right to have a part
of the residue lands set aside to her; and, if the execu-
tors had refused to make the selection after this report,
Lucy Ann could have appealed to a court of chancery
and have compelled the selection. When the deficiency
was reported to the court, Lucy Ann Whitfield became
entitled to an undivided interest in this residue to such
an extent as would make the value of her lands equal
to that of John A. Whitfield. It then became a vested
right in her, beyond the power of the executors to de-
feat, and every person purchasing this land was bound
to take notice of all that affected the title under the
will, as that was the source of title after it passed out
of William Whitfield under his will.

Under the terms of this will, there was not only a life
estate created in an undivided interest in this land in
Lucy Ann until the selection was made, but there was
also a vested right in the remainderman which the trus-
tees could not defeat. W. W. Whitfield had no right
to make any conveyance of this land, other than a life
interest in same. The principle which we declare in this
case is distinctly recognized in the case of *Whitfield* v.
*Thompson,* 85 Miss. 749, 38 South. 113. The intent of
this will is easily gathered. It shows a manifest pur-
pose on the part of the testator to take from the residue
a sufficient quantity of land to make the estate of Lucy
Ann equal to that of John A. In the above case this
court said that "the failure of the executors to act would
not be allowed to defeat the ascertained intention of the
will, it is true; but that failure cannot have operation
to eliminate wholly from the will one of its clauses, and
thereby to impart to the will a different meaning from

what it would have if they had acted. The intention of the testator and the meaning of his will are determinable from the will itself, and not from the subsequent conduct of the executors.'' And when we examine this will it is manifest that the testator did not intend to leave any discretion in the executors as to whether or not they should give to his daughter, Lucy Ann, enough land to make up the deficiency in value between the estate left her and John A. Whitfield. It was not necessary for the executors to make any conveyance to her from the residue of the estate. The will clearly impressed this residue with the rights of Lucy Ann as to this deficiency. Her interest and her title in the residue of the property was derived, not by the act of the executors, but by the will itself.

But it is argued that the complainants are barred by reason of the fact that the land was sold in 1877 for taxes and purchased by S. E. Whitfield. But W. W. Whitfield could not buy an outstanding title and set it up against the remaindermen, and neither could his wife. The purchase by them, or either of them, of this tax title, operated as a redemption of the land for the interest of life tenant and remainderman. Under the facts of this case, this court has repeatedly held that the disability which attaches to the husband also attaches to the wife, and where one canot buy up an outstanding title and assert it against his tenant in common or remainderman, the other is also prevented from doing so. *Robinson* v. *Lewis,* 68 Miss. 69, 8 South. 258, 10 L. R. A. 101, 24 Am. St. Rep. 254; *Wade* v. *Barlow,* 54 South. 662; *Hamblet* v. *Harrison,* 80 Miss. 118, 31 South. 580; *Fox* v. *Kuhn,* 64 Miss. 465, 1 South. 629; *Clark* v. *Rainey,* 72 Miss. 151, 16 South. 499.

The question of improvements cannot be considered in this appeal.

*Reversed and remanded.*