WALLACE DEANES *v.* N. W. WHITFIELD *et al.*

[65 South. 246.]

1. EXECUTORS AND ADMINISTRATORS. *Acquisition of title by executors. Tax title. Life estate. Improvements. Right to compensation.*
   The executor of an estate who has not been discharged has such a fiduciary relation to a life tenant and her interest in the land devised as prevents him from acquiring a tax title thereto, so as to defeat her title or that of the remainderman.

2. LIFE ESTATES. *Improvements. Right to compensation. Code 1906, section 1848.*
   The tenant of a life estate, making permanent and valuable improvements, has no claim upon the remainderman for reimbursement.

3. SAME.
   Code 1906, section 1848, allowing compensation for improvements put upon land, applies only where the party making the improvements is liable to account for rents.

4. LIFE ESTATE. *Sales. Rights of purchaser. Improvements.*
   One who purchases land from the tenant for life, who held under a will of record in the county in which the land was situated at that time, was chargeable with notice that he purchased from a life tenant and could not recover from the remainderman for improvements placed on the land, although before his purchase the land had been included in a new county and there was no record of the will in such new county.

Appeal from the chancery court of Clay county.

HON. J. Q. ROBIBS, Chancellor.

Suit between Wallace Deanes and N. W. Whitfield. From a judgment for Whitfield, Deanes appeals.

The facts are fully stated in the opinion of the court.

107 Miss. 18

*A. F. Fox,* for appellant.

*J. J. McClellan* and *Wm. Baldwin,* for appellees.

REED, J., delivered the opinion of the court.

This action concerns the title to certain lands, which were devised in the will of William Whitfield, who died in 1854, to his daughter, Lucy A. Whitfield, for her life, and, if she died childless, to her brothers, John A. Whitfield and William W. Whitfield, to be held by them during the terms of their life, and at the death of either to the survivor, and at the death of both to their children in fee. John A. Whitfield was killed during the Civil War and left no children. Lucy A. Whitfield died childless in 1887. Upon the death of his sister Lucy, William W. Whitfield became the owner of the life estate in the land. He died in 1901, and appellees, his children, then became the owners of the land in fee, and shortly thereafter filed their bill in chancery to recover their property.

Appellant claims title to the land through a deed of trust given by William W. Whitfield and Lucy A. Whitfield, April 26, 1875, and deed from the trustee therein, January 1, 1877. He also claims under a tax deed to S. E. Whitfield, the wife of William W. Whitfield, dated January 1, 1877, and deed from William W. Whitfield and his wife, S. E. Whitfield, to him dated March 28, 1877. The facts in this case are practically the same as those in the case of *Whitfield* v. *Miles,* 101 Miss. 734, 58 So. 8, and as they are fully set out in the opinion in that case, we make special reference thereto now for a more complete statement of the same.

William Whitfield's will appointed William W. Whitfield and his brother, John A. Whitfield, executors thereof, and they qualified and gave bond; and they were also by the will charged with certain duties and management of their sister's property. It was decided in the case of *Whitfield* v. *Miles* that, under the terms

of the will, there was a life estate in this land vested in the daughter, and there was a vested right in the remainderman, which the trustees could not defeat, and which the surviving brother could not convey beyond a life interest therein. It was also decided that W. W. Whitfield sustained such fiduciary relations to appellees as to prevent him from acquiring a tax title to the land in controversy and set it up against them, and that as he could not assert such title against his remaindermen the same disability attached to his wife, Mrs. S. E. Whitfield. Her purchase of the tax title operated as a redemption of the land for the interest of the life tenant and remaindermen.

Counsel for appellant asks for a reconsideration of the decision in the case of *Whitfield* v. *Miles,* claiming that it was founded upon a misconception of the facts presented. He claims that it is shown in the evidence that when, in 1877, the tax title was acquired, Lucy A. Whitfield had no property and no business, because she had sold certain land she owned, and other land she owned had been sold under a trustee's deed and a sheriff's deed. We think counsel is wrong in this contention, for Miss Whitfield owned an interest in the land in this controversy, and she therefore had property, and had business in connection therewith, which required the attention of her agent and trustee, William W. Whitfield. His fiduciary relations with his sister had not been terminated. He had not been discharged as executor, but bore such relation to her and had such interest in the land as precluded him from acquiring a tax title thereto, so as to defeat the title of his sister and of the remaindermen, the appellees herein. We approve the decision in the case of *Whitfield* v. *Miles,* and find that the chancellor in the case at bar, in decreeing the title to the land in this controversy to be in appellees, followed that decision and was not in error.

Appellant asserts that the chancellor erred in not allowing for permanent and valuable improvements put

upon the land before the death of William W. Whitfield, and while he (appellant) only owned the life estate therein. Counsel for appellant, in his brief, contends that:

"All that is required to entitle one to compensation for improvements in a case like this is that he must claim the land under color of title in the honest belief that he is the true owner, and he must act in perfect good faith and not be guilty of negligence in investigating the title."

It seems to be the settled law in this state that compensation for improvements is applicable only where there can be a demand for mesne profits, and that improvements put upon land by the life tenant pass to the remainderman, and that, as the life tenant is not liable for rents, he is not entitled to compensation for improvements made during the existence of his estate. *Pass* v. *McLendon,* 62 Miss. 580. Judge Cooper, delivering the opinion of the court in that case says.:

"Section 2512 of the Code of 1880, allowing to the defendant in ejectment compensation for improvements put upon the land sued for, is applicable only where the plaintiff demands, or might demand, mesne profits in the action. The improvements put upon the lands by the defendant during the life of the life tenant passed to the remaindermen by the expiration of the particular estate, not by a failure of the title under which the defendant held. He was under no liability to account to the plaintiffs for rents during the continuance of the life estate, and, because he was not, he cannot be allowed for improvements then made."

The provisions in section 2512 of the Code of 1880, on the subject referred to, are now substantially in section 1848 of the Code of 1906.

In *Wilson* v. *Parker,* 14 So. 264, Judge Woods, delivering the opinion of the court, in which it was decided that the tenant of the life estate, who has made perma-

nent and valuable improvements, has no claim on the remaindermen for reimbursement, said:

"The tenant of a life estate, making permanent and valuable improvements, can have no claim upon the remaindermen for reimbursement. The improvements were made upon his own estate, for its better enjoyment by him, and presumably with full knowledge of the right in the remaindermen to the entire estate, with all its improvements, upon the termination of the life estate. The life tenant, in making improvements, does not expend his money for another's use and advantage, but for his own. It would be as plausible to insist upon the payment of rents by the life tenant when he demands the value of the improvements he has made upon the property."

Counsel, in order to excuse appellant from being "guilty of negligence in investigating the title," claims that there was never any record of the will in which the land was devised in Clay county, where the lands were situated when purchased by appellant. It appears that when the will was probated the lands were in Lowndes county, and that the will is of record in that county; that thereafter the lands were included in the territory taken from Lowndes and given to the present county of Clay upon its organization. He relies upon the holding of the court in the case of *Cole* v. *Johnson*, 53 Miss. 94, wherein it was decided that a defendant in ejectment could claim for improvements where he had purchased land at the sale under a decree of the probate court, and paid for the same, believing his title to be perfect. In the case of *Stewart* v. *Matheny*, 66 Miss. 21, 5 So. 387, 14 Am. St. Rep. 538, both *Pass.* v. *McLendon* and *Cole* v. *Johnson* were approved. Judge CAMPBELL, delivering the opinion of the court, thus refers to the holding in *Cole* v. *Johnson*s

"One might well be excused from the requirement of forming a correct opinion as to the validity of a sale of land under a decree of the probate court under the view

taken of that court by the appellate court, and was not chargeable with bad faith, or gross negligence (its equivalent) for believing, until informed to the contrary,. that a sale made by a decree of the court intrusted with jurisdiction over the subject and parties was regular and conferred title."

We quote further from Judge Campbell's opinion in *Stewart* v. *Mathenys*:

"In *Pass* v. *McLendon*, 62 Miss. 580, one who had purchased land from a tenant for life, who held under a will of record in the county in which the land lay, in ignorance of the fact that his vendor did not have the fee, and believing that he acquired the fee, was not entitled to pay for improvements made by him during the existence of the life estate."

Continuing his opinion, the eminent judge says:

"But the purchaser of land must be conclusively presumed to know what appears on the face of the title papers under which he claims, and this presumption cannot be rebutted or explained away. He must take notice of his title as being to a life estate or a fee where that title is plainly disclosed by the records accessible to him, and not to examine which, ordinarily, would be gross negligence."

The difference in the two cases will be seen. The case at bar is like that in *Pass* v. *McLendon*.

We do not think that appellant was relieved of his duty under the law to examine the records touching the title to the lands he purchased, because all of the records were not in Clay county. Ordinary prudence and caution would require him to extend his examinations back of the records in Clay county into those of Lowndes county, where the land was originally located. Any reasonable examination would have disclosed to him that the title to this land came through the will of William Whitfield, and that under that will the parties through whom he received title had only life estates.

*Affirmed.*