McDOWELL *v.* ARNOLD.

No. 39322          November 1, 1954          75 So. 2d 276

*Russell Wright,* Meridian, for appellant.

*Huff & Williams,* Meridian, for appellee.

LEE, J.

From the pleadings in this cause, the sole question for determination is whether or not a remainderman is liable for money expended by, or with the approval of, a life tenant for repairs and improvements on the property devised.

By her last will and testament, executed on May 27, 1938, Dr. Sarah Allen Craig devised the real estate here in question to her sister, Mrs. Mary C. Chisolm, for the period of her natural life, and the remainder in fee. to Dr. Herbert L. Arnold. Following the death of the testatrix, the will was duly probated on August 26, 1938, and the life tenant had possession of the property until her death on May 28, 1953.

Prior to the death of Mrs. Chisolm, a daughter, Mrs. Nora C. McDowell, with the approval and consent of her mother, expended $4,000.00 for repairs and improvements on the property, and, in this proceeding, sought to recover the same from Dr. Arnold, the remainderman.

In this state, it is settled beyond question that a life tenant is not entitled to recover from the remainderman the cost of repairs and improvements made on the property by such tenant. Magee v. Holmes, 220 Miss. 49, 70 So. 2d 60; Deanes v. Whitfield, 107 Miss. 273, 65 So. 246; Stewart v. Matheny, 66 Miss. 21, 5 So. 387; Pass v. McLendon, 62 Miss. 580. See also 33 Am. Jur., Life Estates, Remainders, Sec. 457, p. 985; 31 C. J. S., Estates, Secs. 44 and 45, pp. 55, 56; Anno. 128 A. L. R. 269.

Obviously, the claim of Mrs. McDowell can rise no higher than if the repairs and improvements had actually been made by her mother.

The learned court below denied Mrs. McDowell's claim. Manifestly, its decree was correct; and it must be affirmed.

Affirmed.

*Roberds, P. J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.