STOWELL *et al. v.* CLARK.*

(Division B.   Oct. 8, 1928.)

[118 So. 370.   No. 27239.]

*Corpus Juris-Cyc. References: Damages, 17CJ, section 207, p. 919, n. 6; Highways, 29CJ, section 353, p. 612, n. 64, 65.

*McNeil & Hendrick,* for appellants.

*Brunini & Hirsch* and *R. B. Anderson,* for appellee. .

36

Argued orally by *Leon Hendrick,* for appellant, and *R. B. Anderson,* for appellee.

ANDERSON, J. Appellee, Clark, brought this action in the circuit court of Claiborne county, under chapter 217, Laws of 1918 (Hemingway's 1927 Code, sections 2617-2622, inclusive), against appellants W. C. Stowell and

the United States Fidelity & Guaranty Company (the former being the principal in road contractor's bond, and the latter the surety on the bond), to recover the sum of four thousand four hundred ninety dollars and six cents, alleged by appellee to be due him as subcontractor by appellant Stowell, growing out of the road construction project in which the bond sued on was executed. The cause was tried without a jury, resulting in a judgment in appellee's favor in the sum of three thousand seven hundred sixty-nine dollars and forty-eight cents, with interest from September 1, 1925, and attorney's fee of twenty per cent. From that judgment, appellants prosecute this appeal.

Appellant Stowell entered into a contract with the highway commissioners of the second district of Claiborne county and the Mississippi highway department for the construction of two Federal Aid Projects, 153-B and 169, in Claiborne county. Appellant United States Fidelity & Guaranty Company was surety on appellant Stowell's bond as such contractor, which bond was given as provided by section 1, chapter 217, Laws of 1918 (Hemingway's 1927 Code, section 2617). A part of these road projects was first let by appellant Stowell to one Galbreath. The work on the project sublet to Galbreath consisted of certain grading and graveling. The contract between appellant Stowell and Galbreath was made in accordance with the provisions and plans and specifications of the contract between appellant Stowell and Claiborne county and the highway department. Under the provisions of that contract the grading was to be done at so much per cubic yard, as also was the graveling.

Appellant Stowell sublet the work to be done by Galbreath at a lower price than he was to receive from Claiborne county. Galbreath did part of the work, and abandoned it. Appellant Stowell then sublet the Galbreath contract to appellee Clark; and, in addition to agreeing to pay appellee, Clark, by the yardage for both

the excavation and the graveling, agreed to pay him the sum of three hundred and fifty dollars on the completion of his contract. The evidence for appellee tended to show that appellant Stowell agreed with appellee, Clark, to have measured by the engineer in charge the work completed by Galbreath, in order to be able to later determine what proportion of the work was done by appellee, Clark, and also agreed to have the engineer in charge to measure the yardage of the excavation and the gravel work done by appellee, Clark, as he progressed in carrying out his contract. The evidence for appellee tended to show that the engineer in charge failed to measure the work done by appellee according to yardage, but, instead, measured it according to "force account;" and that measurement according to force account meant the force, teams, shovels, and drivers at work and the time they worked. The evidence tended to show that appellee was not at fault in not having the work done by him measured according to yardage. But it tended also to show that the measurement of the work on the basis of "force account" showed substantially the same result as if it had been measured according to yardage, as provided in the contract—in other words, that the measurement by force account could be converted into yardage, and the measurement by yardage could be converted into force account; that yardage and force account were interconvertible terms. The trial court found that to be true from the evidence; otherwise, a judgment could not have been rendered for appellee.

Appellants contend that the ascertainment of the work done by appellee in that manner was in violation of the contract. We do not think it was. Appellee did the work he contracted to do; and, so far as the record shows to the contrary, did the work in the manner in which he agreed to do it. It was no fault of appellee that appellant Stowell and the engineer in charge of the project failed to measure the work done by the appellee on the yardage basis. In view of that failure appellee foresaw

that, in order to protect his rights he should keep a force account, which he did. He kept an accurate account, according to the evidence, of the teams and employees, and all the implements used by him in carrying out his contract, as well as the time they were employed in the work. Appellant knew, as was shown by the evidence, that with this data his force account could be converted into yardage. The engineer in charge of the project testified that that could be done; that yardage and force account were interconvertible terms; that when you had the one you could get the other by calculation.

Appellant United States Fidelity & Guaranty Company contends that it is not liable for the three hundred and fifty dollars which appellant Stowell agreed to pay appellee in addition to the price of so much per yard for the excavation and the gravel work. This three hundred and fifty dollars is referred to in the evidence as "bonus." We think it immaterial how it is denominated by the witnesses in their testimony. The fact was that appellee was to receive so much for his work on the yardage basis, and, in addition, the sum of three hundred and fifty dollars. The three hundred and fifty dollars was as much a part of the contract price as was the yardage price for excavating and graveling. We see no difference. If appellant surety company is liable on its bond for the yardage price, it is liable for the three hundred and fifty dollars.

The court allowed appellee interest at the rate of six per cent per annum from the time of the completion of his contract. Under section 2678, Code of 1906 (Hemingway's 1927 Code, section 2223), the rate of interest on "accounts and contracts shall be six per centum per annum." The statute means that the rate of interest on accounts and contracts shall be six per cent per annum where there is no agreement between the parties as to interest. The amount due under an account or contract bears six per cent interest from the time it is due and

payable, unless it is otherwise provided by agreement of the parties.

Appellant United States Fidelity & Guaranty Company contends that it was not liable on its bond for the attorney's fee allowed by the court to appellee. Appellee Stowell's bond as the original road contractor contained, among other things, the following provision:

". . . And shall pay the said agents, servants and employees, *and all persons furnishing said principal with material and labor in the course of the performance of said work* . . . and all of the expense and costs and attorney's fees that may be incurred in the enforcement of the performance of said contract, *or in the enforcement of the conditions and obligations of this bond.*"

It is argued by appellants that the provision in the bond for the payment of attorney's fees was for the benefit of the county alone, and not for the benefit of the subcontractors and others furnishing materials and labor in the construction of the road. The statute, section 1, chapter 217, Laws of 1918 ·(Hemingway's 1927 Code, section 2617), provides that the contractor shall give a bond to promptly make payments to all persons supplying labor and materials. The bond in this case itself provides, as shown, that if payment for materials and labor going into the work is not promptly made, all expense, as well as *attorney's fees,* that may be incurred in the enforcement of the performance of the contract, or in the enforcement of the conditions and obligations of the bond, are to be charged against the bond. The contract of appellant Stowell with Claiborne county and the highway department, and his surety bond, so far as appellee's rights are concerned, constituted one contract. Each was incorporated into and made a part of the other. The surety bond was for the benefit of subcontractors and others supplying labor and materials that went into the road work, as well as for the benefit of the county. The purpose of the bond was to make them whole; and,

in order to do so, the bond provided that all expenses and costs and attorney's fees incurred by them in the enforcement of their rights should be paid by the obligors in the bond. Section 2 of the statute (chapter 217, Laws of 1918; Hemingway's 1927 Code, section 2618) expressly gives persons furnishing materials and labor in the construction of public work a right of action on the surety bond. It gives them the right, in order to enforce their claims to the benefit of the conditions in the bond. And as shown, the bond provides that they shall have the right to enforce their claims in the courts, and charge the costs and attorney's fees against the surety bond.

We do not think the other questions argued on behalf of appellant are of sufficient gravity to call for discussion by the court.

*Affirmed.*

