REINECKE v. GIBBS et al.

(In Banc. Feb. 28, 1944. Suggestion of Error by appellant overruled, by appellee sustained, and cause remanded June 12, 1944.)

[16 So. (2d) 853. No. 35542.]

248

**J. F. Galloway,** of Gulfport, for appellant.

**Cephus A. Anderson** and **Heidelberg & Roberts,** all of Hattiesburg, for appellees.

**Alexander, J.,** delivered the opinion of the court. ...

Reinecke brought his bill to recover the value of improvements placed upon lots which he contended had been purchased from Gibbs. The trial court was justified by the evidence in finding that the alleged sale was void under the statute of frauds, and that there was no transfer of the legal title. The proof, despite its wide discrepancies, was sufficient to place beyond our revisory powers the finding of the appreciated value of the land repossessed, and that such improvements were placed thereon with the knowledge and occasional inspection of

Gibbs, whose office was immediately across the street from the lots. Decree for such amount, less a small credit, was granted appellant. We find no reversible error among the assignments upon the merits.

In the final decree the court ordered the costs divided equally between these parties. We find no justification for such course. It is not material that complainant recovered less than he sued for. The controlling consideration is that by his suit he obtained a substantial recovery. Code 1930, Section 668 provides that, "In all civil actions, the party in whose favor judgment shall be given, . . . shall be entitled to full costs, . . ." Section 672 provides; "The chancery court shall have power to decree that either party shall pay the costs of any suit in equity, or that the same may be divided as may appear equitable."

While a chancery court may in proper cases be guided by its discretion, "nevertheless the court generally follows the analogies of the law in that respect and awards the costs to the party who prevails in the final result of the suit." Griffith, Chancery Practice, Sec. 629. Such discretion is limited by what is under the particular circumstances "equitable". Unjustified by this principle the award becomes arbitrary.

The suit here was for the value of improvements. Complainant recovered what the court found to be their value. There were some credits sought by defendant, and in fact an item of $43 was allowed. But the recovery was upon the basis of the claim sued for.

We are of the opinion that it was error for the learned chancellor to award any costs against the complainant. While the decree, insofar as it awards recovery to complainant, is affirmed, yet for the error in awarding costs we must reverse the cause and enter decree here adjudging costs against appellee.

Reversed and decree here for appellant.

ON SUGGESTION OF ERROR.

**Per Curiam**:—The appellant and the appellees both suggest that we erred in the decision hereinbefore rendered by us. The appellees' complaint is that we reversed the decree of the court below insofar as it apportioned the court costs. This disposition by us of the case we think was correct and the appellees' suggestion of error is, therefore, overruled.

The appellant's bill of complaint prayed that he be awarded not only compensation for the improvements put by him on the land described therein, but also that he be awarded a lien on the land to secure the payment of the compensation awarded him. The court below awarded this compensation but did not award the lien prayed for, the decree being silent as to that. The appellant suggests we should have either awarded him such a lien here or remanded the case to the court below for that purpose. On the evidence contained in this record such a lien should have been awarded the appellant and the case will be remanded to the court below for that purpose.

So ordered.