UNITED PRESS ASSOCIATIONS v. McComb BROADCASTING CORPORATION.

(In Banc. Jan. 13, 1947. Suggestion of Error Overruled May 12, 1947.)

[28 So. (2d) 575. No. 36289.]

[30 So. (2d) 511.

Roach & Jones, of McComb, for appellant.

Cassidy, McLain & Alford, of McComb, and Price, Phillips & Alford, of Magnolia, for appellee.

**Alexander, J.,** delivered the opinion of the Court.

Appellant filed its declaration against appellee to recover the sum of $1,137.85, the alleged balance due under a contract to furnish the broadcasting station news reports. An additional sum of $1,705.42 was demanded for the loss of anticipated profits occasioned by the defendant's breach through cancellation and repudiation. The cause was transferred to the chancery court and the pleadings reformed.

The bill on the equity side made the same demands as before. The defendant, hereinafter referred to as the station, filed demurrer, plea and answer, together with a cross-bill demanding the total sum of $27,000 as actual and punitive damages arising out of an alleged failure by the press association, hereafter so called, to furnish adequate news reports. Such also was the gravamen of the answer. The chancellor dismissed the cross-bill and decreed damages to complainant to the extent only of the principal balance past due and owing under the contract, to wit, $1,137.85. The association appeals. There is no cross-appeal.

The errors assigned are 1) the failure of the trial court to include interest on the balance past due as of April 12, 1943, the date of the breach by the station; 2) failure to

award damages for loss of profits; and 3) taxing complainant such costs as it had incurred.

We are of the opinion that the account ought to bear and have added legal interest from and after April 12, 1943, computed to the date of the decree, and same is hereby so amended. Thompson v. Matthews, 56 Miss. 368; Stowell v. Clark, 152 Miss. 32, 118 So. 370; Collins v. Carter, 155 Miss. 600, 125 So. 89; Code 1942, Sec. 36.

We do not reproduce the testimony to sustain a breach by the station. The finding by the chancellor, and supported by the testimony, implies that there was no breach by the association, and that although the latter was able and willing to continue the services contracted for, the station had unjustifiably cancelled and repudiated the contract. The association was entitled to the net profits which it thereby lost, computed upon the basis of the unexpired term of the contract. Beach v. Johnson, 102 Miss. 419, 59 So. 800, Ann. Cas. 1914D, 33; Mississippi Power Co. v. Cochran, 167 Miss. 705, 147 So. 473; Engel v. Mahlen, 153 Minn. 1, 189 N. W. 422; Steelduct Co. v. Henger-Seltzer Co., 26 Cal. (2d) 634, 160 P. (2d) 804; Star Chronicle Publishing Co. v. United Press Ass'n, 8 Cir., 204 F. 217; United Press Ass'ns v. National Newspapers' Ass'n, 10 Cir., 237 F. 547; Hale, Damages (2 Ed.) 103; McCormick, Damages (1935) Sec. 142; 25 C. J. S., Damages, Sec. 43; 15 Am. Jur., Damages, Sec. 148.

Proof of anticipated profits was adduced by the southern division business representative of the association having supervision over the area in which the station was located. His testimony was uncontradicted that the gross rentals due the association were $45.85 per week, and that the expense of furnishing such services was $21.83 per week. Such expenses allocable to the station's services were broken down in detail. The net profit to accrue to the association was therefore $24.02 per week for 71 weeks, or $1,705.42.

That such lost profits were properly computed, and should have been awarded, is sustained by established

authority, typical examples of which are above cited. The attack upon the correctness of the award is directed to the failure to include in the expenses deductible from gross profits an allocated portion of the general overhead expenses of the association in maintaining and furnishing its services. Such attack is met by the requirement, born of practical considerations, that the defaulting party may not hold the promisee to more than a reasonable detail. Engel v. Mahlen, supra. In Star Chronicle Publishing Co. v. United Press Ass'n supra, the trial court, in considering this question in a case strikingly similar to the case at bar in all its phases, had instructed the jury to fix damages for anticipated profits, if found, upon the basis of the contract price and the cost of maintaining the office of the appellant. The appellate court stated: "The defendant contends that the profits were not the difference between what the plaintiff was entitled to receive under the contracts and what it cost to maintain the St. Louis office, but there should be deducted from what it would have received under the contracts, not only the expense of the St. Louis office, but a relative proportion of the expenses of the entire business of the plaintiff. We think the measure of damages, as stated by the court, the correct rule." The testimony of the association's representative was clear, concise, and certain. There was flat assertion that the deductions included the entire expense incurred or required to service the station. We therefore amend the decree to allow recovery of such lost profits.

Finally, we notice the alleged error in taxing the association with the costs of court incurred by it. Such matter is of course ordinarily a matter of the trial court's discretion. It is reviewable, however, and his own findings as well as our own disclose an unwarranted imposition upon appellant who not only maintained a substantial portion of its demand but procured a dismissal of the defendant's cross-bill. Reinecke v. Gibbs, 196 Miss. 247, 16 So. (2d) 853.

The cause will be affirmed as to allowance of the balance due as of April 12, 1943, but reversed and here amended so as to allow legal interest thereon to the date of the decree, and to award to appellant the proven loss of anticipated profits.

So ordered.

**Sydney Smith, C. J.,** did not participate in this decision.

**Roberds, J.,** delivered the opinion of the Court on suggestion of error.

The nature and character of the claims sued on by the appellant, as well as the counterclaim of the appellee, is correctly stated in our former opinion herein. We may add, for the purpose of responding to the suggestion of error, that the sum of $1,137.85 was sued for as an amount past due and owing to the appellant for services actually rendered under *an express contract* in that behalf, and not on a quantum meruit basis. The sum was evidently allowed by the decree of the trial court upon the theory that the complainant had fully performed, on its part, the terms and conditions of the written contract, up to the date of April 12, 1943, when the same was breached and terminated by the defendant, upon the alleged ground that the complainant had failed to furnish the local station its radio news reports covering the Mississippi senatorial election returns in August, 1942, and had declined to compensate the defendant for the damages claimed by it to have been sustained on account of such failure.

The other claim sued on by the complainant, in the sum of $1,705.42, was denied by the trial court, as was likewise the counterclaim of the defendant under its cross-bill in the sum of several thousand dollars as damages for alleged failure of the cross-defendant to furnish the election returns.

It was the contention of the defendant that the election returns were not furnished because of its refusal to pay

an extra assessment of $25 therefor, and where such extra charge was not provided for in the written contract between the parties. And on August 31, 1942, the complainant conceded in a letter that, "as for the charges involved, your contract of course does not provide for this," but that, "It is common Association practice to assess clients who use the special service a proportionate share" (of the extra cost of furnishing such returns). The complainant introduced proof to show that, in view of the manner in which its teletype machines were connected with the wires of the Telephone and Telegraph Company, it would have been physically impossible for the other stations, which it was serving as customers, to have received these returns without the defendant having also received them. It was nevertheless denied by the defendant that it received more than a meager portion of the bulletins shown to have been transmitted to the other stations. In other words, there was a conflict in the testimony as to whether or not the complainant actually furnished the returns, without regard to whether or not it was entitled to make the extra $25 charge therefor, and which was never paid.

There was no express finding of fact made by the trial court, nor does the record show that he was requested to make one, as to whether or not there was a failure to furnish the said election returns—the only breach of the contract which the defendant claims was committed by the complainant as a justification for its subsequent breach of the contract in April, 1943—and in view of the fact that the court, in its final decree, dismissed the complaint of the defendant under its cross-bill in regard thereto, and failed to allow even nominal damages in favor of the cross-complainant, as for a failure to furnish such returns, it was stated in our former opinion herein that, "the finding by the chancellor, and supported by the testimony, implies that there was no breach by the association, and that although the latter was able and willing to

continue the service contracted for, the station had unjustifiably cancelled and repudiated the contract.''

In the absence of a finding of fact we are unable to determine why the claim for $1,705.42 was disallowed in favor of the complainant, since the proof clearly established without contradiction that this amount of anticipated profits had been lost by the complainant on account of the defendant's repudiation of the contract on April 12, 1943, as representing the difference between what it would have cost to continue furnishing the regular services provided for under the contract, and the amount that it would have received therefor, during the remainder of the term thereof.  We cannot assume that the trial court was of the opinion that the complainant had breached the contract in failing to furnish the election returns, since the action of the said court in not allowing even nominal damag- under the cross-bill would imply that the complainant had not done so, especially in view of the fact that the court allowed it compensation for services rendered under the express terms of the contract, for several months after the election, and until April 12, 1943, and not on a quantum meruit basis.

The Court has carefully considered all the questions involved on the suggestion of error, and to that end we called for additional briefs thereon, and in our judgment the former opinion herein is correct, and the right conclusion was reached.  The suggestion of error will, therefore, be overruled.

Overruled.