OWEN *v.* OWEN

No. 40191          June 11, 1956          88 So. 2d 100

536

*T. L. Wallace,* Biloxi, for appellant.

*Morse & Morse,* Gulfport, for appellee.

Hall, J.

This is a suit for divorce and alimony and attorney's fee brought by the appellant against the appellee. The appellant is approximately 60 years of age and the appellee is approximately 70 years of age. They were married to each other on May 10, 1951, this being the second marriage for both of them, and they finally separated on July 8, 1954, shortly after which time the appellant brought this suit. After a lengthy hearing of the matter the chancellor awarded the complainant a divorce as prayed for and awarded the complainant a lump sum payment of $1,800.00 as alimony and for support money together with an attorney's fee of $200.00 and permitted her to resume her former name, Mrs. Jessie Habeeb Abraham, and he taxed each party with that portion of the costs which accrued at his or her instance. From that decree the complainant appealed and the defendant filed

a cross-appeal and contends that the evidence was insufficient to authorize the granting of a divorce, and that consequently the appellant is not entitled to alimony, attorney's fees and suit money.

We deal first with the cross-appeal. The evidence for the appellant was that the appellee continuously fussed at and cussed her and that he complained about almost everything that she did; that he called her foul names and said that she was a woman of the street; that he called her mother, who was dead and whom he had never seen, a harlot, and that he called her father, who was likewise dead and whom he had never seen, a whoremonger. Her evidence was that he was very penurious and for many months after their marriage he never gave her any money to buy her clothing or personal belongings; that he never gave her any allowance for household expenses but bought all of the groceries himself and paid for them; that she finally went to work to earn spending money and eventually he agreed to give her $5.00 a week with which to supply her personal needs. There was evidence by the appellant herself and also by her brother and his wife that on one occasion when they were visiting in the home appellee took her Bible away from her and threw it on the floor, and on another occasion he took a 6¼ lb. cushion from a divan and threw it at her and hit her in the back with it and inflicted a serious injury upon her as the result of which a chiropractor who examined her testified that she was and still is disabled to the extent of approximately fifty percent, the trouble being a curvature of the spine which was definitely caused by trauma and is shown by an X-ray picture. The appellee himself admitted this incident. A nextdoor neighbor testified that there was constant violent fussing, that this occurred almost every day, and that the appellee was the one who was doing the fussing. A great deal of this fussing on the part of the appellee consisted of profanity, which was very obnoxious to the

appellant particularly since it is shown that she is a very devout church member and worker. Under all of the evidence in the case we are of the opinion that the chancellor was justified in granting a divorce to the appellant. See Hibner v. Hibner, 217 Miss. 611, 64 So. 2d 756. The case will therefore be affirmed on the cross-appeal.

■■■ Coming now to the questions raised on the direct appeal, it is first contended that the chancellor erred in not making a special finding of facts and conclusions of law in accordance with the written motion therefor which was filed by the appellant in the lower court. We think it was error for the chancellor to disregard this motion. Section 1390, Code of 1942; Griffith's Mississippi Chancery Practice, Sections 594a and 594b. However, we would not reverse this case for the stated error since the decree was in favor of the appellant.

■■■ Appellant next contends that the amount of alimony allowed to the appellant is inadequate. The record shows that the appellant owns a mortgage for $5,300.00 on a residence in Gulfport which is payable at the rate of $50.00 per month, and this is her only source of income. She owes debts in the amount of approximately $3,700.00. The appellee would give no estimate on what he is worth but said that his business is handled by his son Sam Owen. This son testified and on cross-examination said that his father's net worth is about $30,000.00 to $35,000.00. This son lived in the same town with the parties and testified that he thought the complainant is a fine lady and that he would not say anything against her. In view of this evidence as to the financial ability of the parties, we think the allowance of alimony was grossly inadequate. In the case of Gresham v. Gresham, 198 Miss. 43, 21 So. 2d 414, we held that where the husband had property conservatively estimated at a value of around $18,000.00, a lump sum allowance of $1,250.00 alimony to the wife was unjust. In the case of Carraway

v. Carraway, 212 Miss. 857, 56 So. 2d 41, we held that a lump sum award of alimony to the wife in the amount of $150.00 was wholly inadequate where the husband owned an 80-acre farm with two houses upon it and owned a truck and some mules and 18 to 20 head of cattle. In that case we recognized that generally the fixing of the amount of permanent alimony is within the discretion of the trial court but that that discretion must be exercised in the light of the facts and circumstances reflected in the record. But we further said that the small allowance made to the wife is not consistent with her manifest needs and the resources of the husband under the facts reflected in the record, and we remanded the case to the chancery court for a determination of what would be a reasonable amount. We therefore affirm the chancellor's action in granting the divorce and in awarding alimony to the wife, but the decree as to the amount of alimony is reversed and the cause remanded to the lower court for the fixing of a reasonable amount. This may be done by the chancellor upon the record now before us or he may require further evidence in the case. There is also a complaint as to the admission of incompetent evidence, but we do not think that the same is sufficient to justify a reversal of the case since we do not believe that a new trial would change the result.

The appellant further contends that the lower court erred in taxing her with a part of the costs. As we have already pointed out, the appellant substantially prevailed in her contentions in the lower court and we think this contention is correct. In the case of Reinecke v. Gibbs, 196 Miss. 247, 16 So. 2d 853, we said:

"In the final decree the court ordered the costs divided equally between these parties. We find no justification for such course. It is not material that complainant recovered less than he sued for. The controlling consideration is that by his suit he obtained a substantial recovery. Code 1930, Section 668, provides that, 'In all civil ac-

tions, the party in whose favor judgment shall be given, * * * shall be entitled to full costs, * * *.' Section 672 provides; 'The chancery court shall have power to decree that either party shall pay the costs of any suit in equity, or that the same may be divided as may appear equitable.'

"While the chancery court may in proper cases be guided by its discretion, 'nevertheless the court generally follows the analogies of the law in that respect and awards the costs to the party who prevails in the final result of the suit.' Griffith, Chancery Practice, Sec. 629. Such discretion is limited by what is under the particular circumstances 'equitable'. Unjustified by this principle the award becomes arbitrary.

"The suit here was for the value of improvements. Complainant recovered what the court found to be their value. There were some credits sought by defendant, and in fact an item of $43 was allowed. But the recovery was upon the basis of the claim sued for.

"We are of the opinion that it was error for the learned chancellor to award any costs against the complainant. While the decree, insofar as it awards recovery to complainant, is affirmed, yet for the error in awarding costs we must reverse the cause and enter decree here adjudging costs against appellee."

That case was cited and followed in United Press Assn. v. McComb Broadcasting Corporation, 201 Miss. 68, 28 So. 2d 575. That part of the decree awarding any of the costs against the appellant will therefore be reversed and judgment here entered taxing all costs against the appellee.

■■ The appellant filed a motion about two months before submission of this case for the allowance of alimony pendente lite and a reasonable attorney's fee and that issue was passed for decision upon a consideration of the case on the merits. As to the attorney's fee, the lower court allowed the sum of $200.00 and, in accordance with our established custom, an additional sum of

542

$100.00, being half of .the original award, will be allowed in this Court.

As to the motion for the allowance of alimony pendente lite, the same is hereby sustained and until final disposition of this cause the appellee is directed to pay unto the appellant the sum of $100.00 per month temporary alimony beginning on the 15th day of June 1956 and continuing on the 15th day of each month thereafter. This allowance may be taken by the chancellor into consideration but it is not to be construed as an indication on our part as to what the allowance of permanent alimony should be.

Affirmed on cross-appeal and affirmed in part on direct appeal, and reversed and remanded in part on direct appeal. Motions for attorneys' fees and alimony pendente lite sustained.

*Roberds, P. J., Kyle, Ethridge* and *Gillespie, JJ.*, concur.