PATTERSON, Justice:
This is an interlocutory appeal from the Chancery Court of Washington County. The suit is for judicial construction of the terms of a contract, for specific performance thereof, and for an accounting as to the receipt and disbursement of monies received by the defendants.
The complainant is the predecessor in title to the lands now used and operated as a perpetual care cemetery. This suit stems from the rights retained by the complainant at the time the lands were sold for cemetery *467 purposes. The defendants are: Management, Inc., a perpetual care cemetery corporation, with its domicile and principal place of business in Washington County, Steve Ragland, individually, a resident of Washington County, Novell J. Brickell, Davis S. Gilleylen, and Glen E. Gilleylen, all nonresidents of the state. The suit is also against Management, Inc. and Steve Ragland as resident defendant garnishees, having, as it is alleged, in their possession, property belonging to the nonresident defendants, which complainant seeks to attach.
Management, Inc., Ragland, and Brickell in their answer denied the rights asserted by the complainant, and Management, Inc. and Ragland filed a cross bill praying cancellation of any right of complainant as a cloud upon their title to the perpetual care cemetery. The cross bill specifically alleges, among other things, that the provisions of the covenants within the deed of trust, as well as a letter agreement of March 9, 1960, are void as a restraint upon alienation and unenforceable as neither was supported by lawful consideration. The Gilleylens filed no answer.
After hearing, an interlocutory decree was entered on June 5, 1965, finding the Gilleylens to be nonresident defaulting defendants with property effects in this state under the control of Ragland and Management, Inc., and this property was seized by chancery attachment. This decree also overruled defendant’s motion to exclude certain evidence, and reopened the case for further hearing on June 28, 1965. On this date the defendants, without further testimony, rested their case. The court, disregarding the motion of the complainant for special findings of fact and separate conclusions of law, then entered a decree referring the cause to a master for an accounting between the parties. From this decree Management, Inc., Ragland, and Brickell obtained leave of court for this interlocutory appeal to settle the controlling legal principles of the case.
The appellant argues on this appeal virtually the same points of law raised by complainant’s motion for specific findings of fact and conclusions of law. We are thus requested to determine issues which the trial court has not ruled upon. For this reason we are of the opinion that the appeal was improvidently granted and that it is our duty as an appellate court to raise the point as it involves jurisdiction. Farrar v. Phares, 232 Miss. 391, 99 So.2d 594 (1958).
We are reluctant to postpone a hearing of the cause, as we feel that delay seldom promotes justice, and interlocutory appeals, with rare exception, countenance delay without compensating advantages. Griffith, Mississippi Chancery Practice § 682 at 755 (2d ed. 1950). However, the posture of this case is such that we must do so. As illustrative of this point, we quote in full complainant’s motion, as well as the points argued by appellants on this appeal.
MOTION FOR SPECIAL FINDING OF FACTS AND SEPARATE CONCLUSIONS OF LAW
Comes Now HENRY T. CROSBY, Complainant in the above styled and numbered cause, by his Solicitors of record herein, and, pursuant to Section 1390, Mississippi Code of 1942, Recompiled, moves the Court in this cause for the making of special findings of fact and separate conclusions of law thereon, with respect to the following issues:
(1) What was the real or actual purchase price and consideration for which Complainant sold the fifteen acres of land in question to Greenlawn Memorial Gardens, a corporation, on or about July 9, 1952?
(2) How was said purchase price to be paid?
(3) Did Defendants Ragland, Brickell, and Management, Inc., at the time of their purchase of the cemetery property in March, 1960, have knowledge of the obligations im> posed upon the cemetery property by the aforesaid Deed of Trust?
*468 (4) When Ragland and Brickell purchased the cemetery property from the Gilleylens, and when Management, Inc., purchased same from Ragland and Brickell, did each of said purchasers, as a matter of law, take subject to the covenants of said Deed of Trust and assume the obligations contained therein?
(5) Was Complainant’s promise to forebear enforcing said covenants against Rag-land and Brickell as to amounts due by the Gilleylens thereunder and delinquent as of March 9, 1960, adequate and lawful consideration for the agreement dated March 9, 1960, signed by Complainant and by Rag-land and Brickell?
(6) Did said written agreement dated March 9, 1960, as a matter of law, put Rag-land and Brickell on notice of the terms and provisions of said Deed of Trust referred to therein?
(7) Is Management, Inc., as a matter of law, charged with notice of the provisions of said Deed of Trust to the same extent that Ragland and Brickell, its shareholders, directors, officers and managing agents are charged with notice of same?
(8) Does the language of the covenants contained in the aforesaid Deed of Trust, “6% of the gross sale of burial lots and * * * memorial markers and such accessories to such markers,” by intention of the parties and as a matter of law, include six percent (6%) of amounts collected from lot customers for perpetual care deposits, “service charges” and amounts paid the cemetery by customers who later default and allow lots purchased to revert to the cemetery ?
(9) Under the covenants contained in said Deed of Trust, how often must Defendant Management, Inc., remit required payments to Complainant, and exactly what information must said Defendant set out and disclose by the statements or account-ings required to accompany such payments?
(10) Has there ever been any foreclosure of the Deed of Trust in favor of Complainant dated July 9, 1952, recorded in Book 488, page 403 of the Land Records of Washington County, Mississippi, covering the ten-acre tract of land in question?
(11) Is this action barred as to Defendants Ragland and Management, Inc., by the limitation period contained in Section 720 of the Mississippi Code of 1942, Recompiled?
(12) Are the covenants and conditions contained in said Deed of Trust void as restraints on alienation?
(13) Is Complainant entitled to a full accounting from Defendants covering the period from July 9, 1952 to date?
POINTS ARGUED BY APPELLANTS ON APPEAL
POINT 1.
The deed from Greenlawn Memorial Gardens to the Gilleylens was a general warranty deed conveying the lands to the Gil-leylens but the Gilleylens did not assume the indebtedness secured by the deed of trust and did not become personally liable for the payment of the debt secured by same and the trial court committed reversible error in not so holding.
POINT 2.
Ragland and Brickell did not become personally liable for the debt of Greenlawn Memorial Gardens because they did not in the deed to them from the Gilleylens assume the debt of Memorial Gardens secured by the deed of trust nor did they promise in writing to pay the same and the court erred in not so holding.
POINT 3.
Ragland and Brickell did not assume to pay the 6% by the instrument dated March 9, 1960, and shown on Page 018 of the record.
*469 POINT 4.
Management, Inc., is not liable to suit for specific performance of a promise it had never assumed or promised.
POINT 5.
The provisions in the deed of trust that Memorial Gardens will pay to Crosby six per cent of the gross sale of lots is void as a restraint on alienation.
POINT 6.
The six per cent was not a part of the purchase price of the land because:
(A) The bill of complaint does not charge that it was a part of the purchase price;
(B) There is no competent proof that it was a part of the purchase price;
(C) Ragland and Brickell are innocent purchasers for value and not chargeable with notice and
(D) The alleged 6% is in violation of the warranted fee contained in the deed.
POINT 7.
Since all of the purchase money has been paid and the 6% covenant is void as a restraint on alienation and all of the lands described in the deed of trust have been released, defendants are entitled under the law to have the deed of trust cancelled as a cloud on the title.
POINT 8.
The court erred in overruling defendants’ motion to exclude the evidence offered on behalf of plaintiff.
POINT 9.
The court erred in holding that complainant’s suit is not barred by the statute of limitations, section 720, Code of 1942, in that the lands described therein were all released on May 9, 1963 (R-164) and more than one year elapsed thereafter before this suit was filed on September 3, 1964.
POINT 10.
The court erred in holding that the so-called assumption by Brickell and Ragland, if valid, bound them to pay any more than the six per cent on the sale of lots.
As mentioned above, the trial court adjudicated in its decree of June 5, 1965, that there was property of the nonresident defendants, the Gilleylens, in this state and it was attached. It overruled defendants’ motion to exclude certain evidence and a date was set for further hearing of the matter. On this date a decree was entered which referred the cause to a master to ascertain the amount of monies received by the defendants and the details of its disbursement.
The decrees of the trial court did not adjudicate the legal questions presented to it, yet the interlocutory appeal was granted for the very purpose of settling these same principles of law. These questions are directed to the very heart of the suit and have not been disposed of by the trial court as it was its duty to do. See Mississippi Code Annotated section 1390 (1956) which provides as follows:
The chancery courts in all litigated cases, upon the request of any party to the suit, shall find the facts specially and state separately its conclusions of law thereon, and its findings and conclusions shall be entered of record and, if an appeal is taken from the decree, shall be included by the clerk in the record which is certified to the Supreme Court.
See also Owen v. Owen, 228 Miss. 534, 88 So.2d 100 (1956).
We are thus deprived of the learned chancellor’s findings and legal conclusions in the matter, which have an important role in causes of this nature. We are of the further opinion that the decree referring the cause to a master did not by implication sustain the complainant’s theory of the case,
*470 as the contrasting theories presented by the cross bill have not been dismissed. To assume jurisdiction of the case as now presented would have this Court trying the legal propositions presented as a trial court, whereas our duty extends only to review as an appellate court.
We are of the opinion, therefore, that the appeal was improvidently granted and the same is hereby dismissed.
Appeal dismissed.
ETHRIDGE, C. J., and BRADY, IN-ZER, and SMITH, JJ., concur.