BRADY, Justice:
This is an appeal by Allen W. Evans, d/b/a Foundations Limited, from a decision of the Circuit Court of Hancock County which directed a verdict for the appellees, Central Service and Supply Company and Franklin S. Lumpkin, Jr. The appellant filed suit on December 22, 1966, against Central Service and Supply Company for improvements which he had made on Lots 1 and 15 of Block 2 of Spanish Acres Estates Subdivision in Hancock County, Mississippi. Although the appellant’s initial pleading was entitled “Petition To Impress and Enforce a Labor and Materialmen’s Lien,” the appellant also asked for a judgment in the amount of $3,350.90, together with 6% interest from the date of the judgment. The appellant filed as part of his pleading two bills, one for $1,250 which was not itemized and one for $2,100 which was broken down to show initial material, initial labor, first charge for labor, second charge for labor, and third charge for labor and also profit and overhead expense. Central Service and Supply Company filed a demurrer, which was overruled, and an answer. Kimbrough Investment Company, Glendall Salters, and Coast Wholesale Supply Company, Inc., were added as necessary parties upon motion of Central Service and Supply Company. In addition, the appellant asked that Coast Wholesale Supply Company, Inc., and Franklin S. Lumpkin, Jr., be added as parties defendant and asked for a judgment jointly and individually against Central Service and Supply Company and Franklin S. Lumpkin, Jr., in the amount of $3,350.90. Franklin S. Lumpkin, Jr., filed a separate answer.
The record reveals that Franklin S. Lumpkin, Jr., is Secretary and Treasurer of Central Service and Supply Company, a family held corporation. The proof further shows that William T. Powell worked as a salesman for Central Service and Supply Company and in that capacity he had authorization to attend to the construction and improvement of certain houses. His duties included getting bids from and hiring contractors and sub-contractors. Franklin S. Lumpkin, Jr., testified that he as an individual also hired Mr. Powell for similar work which included certain FHA speculative houses. The proof shows that Mr. Powell hired the appellant to construct the foundations for houses on Lots 1 and 15. The foundation on Lot 15 was poured and forms were erected on Lot 1 in preparation for the pouring of a slab which was not poured. According to the testimony of Franklin S. Lumpkin, Jr., he individually and not as an officer of Central Service and Supply Company authorized Mr. Powell to hire the appellant for the work on Lots 1 and 15.
Neither Central Service and Supply Company nor Franklin S. Lumpkin, Jr., has any interest in Lots 1 or 15. An agreement was entered on July 1, 1965, which provided that upon request Spanish Acres, Inc., would under the terms specified in the agreement sell certain lots which included Lots 1 and 15. The agreement was signed by Jack W. Bowden, *618 President of Spanish Acres, Inc., as seller, and Franklin S. Lumpkin, Jr., as buyer, and agreed to by C. M. Lumpkin for Central Service and Supply Company, Inc. Franklin S. Lumpkin, Jr., testified that he had not exercised his option to purchase under the agreement. In addition to the purchase option, Franklin S. Lumpkin, Jr., also had a construction commitment from Bailey Mortgage Company for two houses, one on Lot 1 and one on Lot IS. Central Service and Supply Company was working in this subdivision at that time. Their work included the plumbing in the house which was built on Lot IS.
The trial judge after hearing all of the evidence concluded that Franklin S. Lump-kin, Jr., was definitely indebted to th.e appellant, but that the suit could not be sustained upon the basis of a statutory lien. He dismissed the case as to all defendants. Appellant’s motion for a new trial was overruled, and he appealed to this Court.
The two issues involved in the disposition of this case are whether or not the learned trial judge committed error in sustaining the defendants’ motion for a directed verdict and in refusing to render a directed verdict in favor of the appellant against appellee, Franklin S. Lumpkin, Jr. The first question involved in these issues is whether or not the appellant, under the provisions of Mississippi Code 1942 Annotated section 365 (1956), established a lien against the property involved upon which an execution could issue in favor of the appellant. A careful review of the record and briefs in this cause convinces us that the trial judge was correct in holding that the appellant had failed to establish a lien against the property under the provisions of section 365, supra. The obvious reason for the failure of the lien is that the appellant did not establish ownership of the property in appellees against whom the lien was to be effected.
The second question involved in the basic issues is whether or not an open account was sufficiently pled and proven by appellant to hold Central Service and Supply Company and Franklin S. Lumpkin, Jr., liable for the amount of the open account. We conclude that the pleadings and proof are insufficient under the requirements of Mississippi Code 1942 Annotated section 1469 (1956) to establish an indebtedness under an open account. The alleged open account is not properly itemized and wholly fails to comply with the statute.
The final question presented by the record, although not argued by counsel but considered by the trial judge, is whether or not a suit for damages was sufficiently pled and proven. The petition or declaration specifically prays for damages, in effect, for breach of contract. We think it is sufficient to justify consideration and a verdict on that issue. The title attributed to the pleading is not controlling. We conclude from the proof offered by the appellant, together with the admissions of Franklin S. Lumpkin, Jr., and other evidence offered in the case, that Franklin S. Lumpkin, Jr., is liable to the appellant in damages for breach of contract. Furthermore, the question of whether or not he acted for and in behalf of his superior, Central Service and Supply Company, was a factual question to be determined by the jury. Accordingly, the judgment of the circuit court is reversed and judgment is rendered here on liability in favor of appellant against Franklin S. Lumpkin, Jr. The cause is remanded for determination by the jury as to whether or not Central Service and Supply Company is likewise liable to the appellant and, if so, the amount of damages. As to appellee Lumpkin, the remand is solely for the determination of the amount of damages.
Affirmed as to denial of lien and reversed as to appellee Lumpkin, judgment rendered adjudicating his liability, and remanded for determination of amount of damages; as to Central Service and Supply Company, Inc., reversed and remanded as to liability and damages.
ETHRIDGE, C. J., and RODGERS, PATTERSON and SMITH, JJ., concur.
*619 PATTERSON, Justice: